8

**LAW OFFICES OF GABRIEL LIBERMAN, APC**
Gabriel E. Liberman (SBN 303010)
Gabe@4851111.com
1545 River Park Drive, Suite 530
Sacramento, California 95815
Telephone: (916) 485-1111
Facsimile: (916) 485-1111

Proposed Attorney for BIGTIME HOUSING, LLC

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
SACRAMENTO DIVISION

| | |
|---|---|
| In re<br><br>**BIGTIME HOUSING, LLC**<br><br>Debtor, | Case No. 26-20848-C-11<br>Chapter 11<br>DCN: GEL-1<br><br>**MOTION TO USE CASH COLLATERAL AND GRANT ADEQUATE PROTECTION; SCHEDULING DEADLINES RELATING TO A FINAL HEARING ON USE OF CASH COLLATERAL**<br><br>Date: February 25, 2026<br>Time: 11:00 a.m.<br>Location: 501 I Street, 6th floor, Courtroom 35, Dept. C Sacramento, CA<br><br>Judge: Honorable Christopher M. Klein |

BIGTIME HOUSING, LLC, a California limited liability corporation, the Debtor and Debtor-in-Possession (the "Debtor") by and through their proposed attorney, Gabriel E. Liberman, respectfully requests an order authorizing it to use "cash collateral" from February 19, 2026 through August 31, 2026 in form of account receivables, rent and personal property which may be used to generate post-petition proceeds (the "Cash Collateral"), and grant adequate protection to the secured creditors, FCI Lender

Services, Forbix Capital Corporation, Shellpoint Mortgage Servicing, The Bridge Loan Inc., and United States Small Business Administration, that may have an interest in the Cash Collateral (the "Motion"), pursuant to Bankruptcy Code §§ 363(c)(2)(A) and 105(a), as well as Rule 4001-1(c) of the Local Rules of Bankruptcy Practice for the Eastern District of California, and respectfully represents as follows:

## I. Factual Background

1. On February 19, 2026 (the "Petition Date"), Debtor filed its voluntary petition for relief under Chapter[1] 11 of the Bankruptcy Code, thereby commencing the above-captioned case (the "Chapter 11 Case"). A trustee has not been appointed, and no unsecured creditor's committee has been appointed.

2. Debtor is a California limited liability corporation formed in 2017, and sole owned Enoch Duplechan ("Mr. Duplechan").

3. Debtor is engaged in the acquisition, ownership, development, rehabilitation, and management of residential real estate in Sacramento County, California. As of the Petition Date, the Debtor owns and operates twenty-nine (29) residential properties that provide housing to low- and moderate-income families. The properties generate net positive income and are located in established residential neighborhoods throughout the greater Sacramento region. As of the Petition Date, Debtor believes 28 out of 29 of its secured loans were between one to three pre-petition payments delinquent.

4. Debtor operates out of Mr. Duplechan's personal residence. Mr. Duplechan is employed by Debtor and salary and benefits are disclosed in Table 2 below.

5. Mr. Duplechan is a real estate investor and housing operator with more than twenty-eight (28) years of experience in: real estate acquisition and valuation, property management, construction oversight, residential rehabilitation, housing program compliance and development coordination.

---

[1] All references to "Section" herein shall be to the Bankruptcy Code appearing in Title 11 of the U.S. Code; all references to a "Bankruptcy Rule" shall refer to the Federal Rules of Bankruptcy Procedure; and all references to a "LBR" shall refer to the Local Rules of Practice for the United States Bankruptcy Court for the Eastern District of California

6. During the period preceding the bankruptcy filing, the Debtor undertook construction of a large residential property located at: 9425 S. Wales Way Elk Grove, California 95758

7. The project required substantial capital investment and financing. During the build-out period, the Debtor experienced increased interest rate costs, delays in construction funding disbursements, extended construction timelines and increased carrying costs. Despite these challenges, construction of the Wales property was completed prior to the filing of this case. The Wales property is fully built and no longer subject to development-related expenditures.

8. The Debtor's Chapter 11 filing was precipitated by a convergence of liquidity pressures, including; approximately $200,000 in cumulative tenant rent delinquencies; more than ten (10) eviction proceedings; significant property turnover and repair expenses throughout its entire portfolio; increased financing costs associated with rising interest rates; and construction-related liquidity strain during development of the Wales property.

9. At the time of filing major capital expenditures have ceased and its rental portfolio remains operational with net positive rental income.

10. The Debtor filed this Chapter 11 case to stay a non-judicial foreclosure action against the Wales property, reorganize its financial obligations, stabilize operations, and preserve asset value for creditors and tenants.

## II. <u>Motion Background</u>

11. In the ordinary course of the business, it will be necessary for Debtor to use its account receivables, personal property and rental income generated from its tenants in which various creditors may assert a security interest, as discussed below.

12. As relevant to cash collateral issues, Debtor believes that the cash in its operating accounts,

approximately $44,000, as of the Petition Date, held in Wells Fargo Bank N.A., are unsecured because no person other than the Debtor and the banking institutions have a control agreement or possession of the accounts. The collateral constituting Cash Collateral is its collectible account receivables of $40,000 and rental income generated from its tenants of approximately $97,000.00 per month.

13. This Motion seeks to approve use of Cash Collateral as of the Petition Date. Debtor request that this Court authorize and approve Debtors' use of cash collateral for the payment of the operating expenses as set forth in the budget attached hereto as Exhibit A.

## III. Security Interests Asserted

14. The following table summarizes the positions of creditors that may assert a lien against Debtor's Cash Collateral:

Table 1:

| Property | Creditor - Loan Number | Proposed Payment |
|---|---|---|
| Mortgage Payment - 9425 S Wales Way | FCI Lender Services- Loan # 1840 | $ 11,500.00 |
| Mortgage Payment - 9425 S Wales Way 2nd Loan | The Bridge Loan Inc - Loan # 9425 | $ 5,500.00 |
| Mortgage Payment - 8801 Fair Oaks Blvd | Forbix Capital Corp - 000785 | $ 7,000.00 |
| Mortgage Payment - 13680 Spring Valley Parkway | Fay Servicing LLC - Loan #4507 | $ 2,000.00 |
| Mortgage Payment - 7720 Telfer Way | Shellpoint - Loan #0816 | $ 13,060.00 |
| Cross-collaterized 3065 MONTGOMERY WAY | Shellpoint - Loan #0816 | |
| Cross-collaterized 3673 WINGS WAY | Shellpoint - Loan #0816 | |
| Cross-collaterized 2316 RAY STREET | Shellpoint - Loan #0816 | |
| Cross-collaterized 8608 CASSIERI CIRCLE | Shellpoint - Loan #0816 | |
| Cross-collaterized 5624 MANMAR WAY | Shellpoint - Loan #0816 | |
| Cross-collaterized 5352 LANCASTER ROAD | Shellpoint - Loan #0816 | |
| Mortgage Payment - 10828 Scotsman Way | Shellpoint - Loan #0627 | $ 5,700.00 |
| Cross-collaterized 3157 BRIDGEFORD DRIVE | Shellpoint - Loan #0627 | |
| Cross-collaterized 4532 GREENHOLME | Shellpoint - Loan #0627 | |
| Mortgage Payment - 11739 Kouros Way | Fay Servicing LLC - Loan #3880 | $ 3,782.69 |
| Mortgage Payment - 3702 M.L.K. BLVD | Fay Servicing LLC - Loan #4185 | $ 2,000.00 |
| Mortgage Payment - 5830 42nd Street | Shellpoint - Loan #0457 | $ 17,500.00 |
| Cross-collaterized 5860 - 5870 WALLACE AVE | Shellpoint - Loan #0457 | |

| | | |
|---|---|---|
| Cross-collaterized 2112 57th AVE - 7000 REMO | Shellpoint - Loan #0457 | |
| Cross-collaterized 3624 - 3628 RIPLEY STREET | Shellpoint - Loan #0457 | |
| Cross-collaterized 6585 RANCHO PICO | Shellpoint - Loan #0457 | |
| Cross-collaterized 6852 CUNNINGHAM WAY | Shellpoint - Loan #0457 | |
| Cross-collaterized 6290 CALVINE ROAD | Shellpoint - Loan #0457 | |
| Cross-collaterized 4948 LION GATE WAY | Shellpoint - Loan #0457 | |
| Cross-collaterized 615 WILLOW STREET | Shellpoint - Loan #0457 | |
| Cross-collaterized 7401 AUBURN OAKS | Shellpoint - Loan #0457 | |
| Mortgage Payment - 4141 Big Meadow Way | Fay Servicing LLC - Loan #3880 | $ 2,700.00 |
| Mortgage Payment - 8578 Fairmont Circle | Shellpoint - Loan #0382 | $ 8,000.00 |
| Cross-collaterized 7763 Robinette Road | Shellpoint - Loan #0382 | |
| Cross-collaterized 6940 Flamingo Way | Shellpoint - Loan #0382 | |
| Cross-collaterized 7686 Tierra East Way | Shellpoint - Loan #0382 | |
| SBA - Covid Disaster Loan (EIDL) | | $ 750.00 |

## IV. <u>Relief Requested</u>

15. Debtor will be proposing a plan of reorganization but cannot determine with certainty the timetable for filing his plan of reorganization. Debtor seeks authorization to use Cash Collateral from the Petition Date through August 30, 2026. However, in order to avoid immediate and irreparable harm, pending a final hearing on the Motion, Debtor requests interim authorization to use Cash Collateral from the Petition Date through March 31, 2026, with a 15% variance as set forth in the budget attached as **Exhibit "A"** (the "Interim Budget" or “Interim Period”). In the Interim Budget, Debtor requests interim authorization use up to $204,985.00

16. The Interim Period excludes salary payments to Debtor’s managing member and owner as follows:

Table 2:

| Name | Relationship to Debtor | Monthly Gross Pay | Other Benefits |
|---|---|---|---|
| Enoch Duplechan | Managing member, owner | $3,500.00 | None. |

17. For these and the other reasons discussed below, the Debtor is requesting entry of an order approving the Cash Collateral Motion and to enter an order substantially the same form and substance as the proposed form of order attached hereto as **Exhibit "B"** (the "Interim Order").

18. Bankruptcy Rule 4001(b)(2) allows the Court to conduct a preliminary hearing on a motion for authority to use cash collateral on less than fourteen (14) days' notice and to authorize use of cash collateral if necessary to avoid irreparable harm to the estate pending a final hearing. Fed. R. Bankr. Proc. 4001(b)(2). The Debtor is providing fourteen (14) days' notice and also argues that it must continue to pay employees, vendors and a host of other obligations necessary to their business operations. The ability to continue business operations is essential to the Debtor's ability to preserve the value of the Debtors business and its relations with their customers.

## V. Adequate Protection Offered by Debtor

1. Debtor will provide FCI Lender Services, Forbix Capital Corporation, Shellpoint Mortgage Servicing, The Bridge Loan Inc., and United States Small Business Administration (collectively referred hereafter as the "Secured Creditors") with adequate protection by:

   a. Replacement Lien. Pursuant to Bankruptcy Code sections 361, and 363(e) and except as to otherwise validly perfected and unavoidable liens existing as of the Petition Date, Debtor grants Secured Creditors a replacement security interest and lien in the prepetition and postpetition assets of the Debtor to the same extent and priority granted Secured Creditors pursuant to the Prepetition Loan Documents (the "Adequate Protection Replacement Lien"). The Adequate Protection Replacement Lien shall be automatically perfected without the need for any additional filings or notices.

   For the avoidance of doubt, nothing in this Interim Order shall encumber any causes of action available under Chapter 5 of the Bankruptcy Code.

b. Monthly Payments: Debtor shall pay the Secured Creditors starting March 1, 2026 their normal on-going monthly payments as identified in Table 1 above.

## VI. Compliance with Local Rule 4001-1(c)

2. The Debtor makes the following disclosures in accordance with Local Rule 4001-1(c) regarding the relief requested in this Motion:

Table 3:

| Sub. | Type of Provision | Requested Relief? |
|---|---|---|
| A | Cross-Collateralization | No |
| B | Binding Findings of Fact by Parties | No |
| C | Binding Findings of Fact against Non-Parties | No |
| D | Waivers of 11 U.S.C. § 506(c) | No |
| E | Limitations on Debtor's Rights in Chapter 11 | No |
| F | Releases of Secured Creditor Liability for Torts or Breaches | No |
| G | Waivers of Avoidance Actions | No |
| H | Automatic Relief from the Automatic Stay upon Default | No |
| I | Waivers of the Procedural Requirements for Foreclosure | No |
| J | Adequate Protection Provisions that Create Liens on Claims | No |
| K | Waiver of the Debtor's Right to Seek Non-Consensual C. Coll. | No |
| L | Findings of Fact on Matters Extraneous to the Approval Process | No |

## VII. Prayer for Relief

3. Accordingly, the Debtor submits that they would suffer irreparable harm to their business operations if not permitted immediate use of cash collateral, and so they request that the Court approve use of the foregoing amounts on an interim basis. The Motion also requests that at the initial hearing the Court schedule a further hearing on to consider final approval of the Cash Collateral Motion, the grant of

adequate protection to Secured Creditors, and any further proceedings concerning the grant of final authority to use cash collateral.

**WHEREFOR**E, Debtor prays for an order:

1. Authorizing interim cash collateral use starting on the Petition Date and continuing through March 31, 2026 in the total amount as set forth in the Budget attached as **Exhibit A** with a 15% variance;
2. Scheduling a hearing for final approval of the Cash Collateral;
3. Granting adequate protection to the Secured Creditors in the form of replacement liens; and
4. For such other and further relief as is just and proper.

Dated: February 23, 2026

LAW OFFICES OF GABRIEL E. LIBERMAN, APC

By: /s/ Gabriel E. Liberman
Gabriel E. Liberman
Proposed Attorney for Debtor-in-Possession